# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**May 22, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**IAN C.,**
**Petitioner Below, Petitioner**

**vs.) No. 23-ICA-12**          (Fam. Ct. Cabell Cnty. No. 21-D-149)

**AMY C.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ian C.[1] appeals the Order Dismissing Petition to Modify entered by the Family Court of Cabell County on December 8, 2022. Ian C. asserts that the family court erroneously dismissed his petition for modification; however, he raised no appealable issues in his notice of appeal or his brief. Respondent Amy C. filed a timely response.[2] Ian C. did not file a reply brief.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ian C. and Amy C. are the parents of two minor children, B.C., age thirteen, and K.C., age five. The parties were divorced but conceived their youngest child during a brief reconciliation. Within several months leading up to the family court's involvement, Ian C. began having severe mental health issues, which lead Amy C. to file a petition to modify the parenting plan for the oldest child, and a petition for the allocation of custody for the youngest child. Ian C.'s behavior became more concerning, and Amy C. filed an emergency ex parte petition seeking immediate custody of the children.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Ian C. is self-represented; Amy C. is represented by Sarah E. Dixon, Esq.

1

The custody modification and allocation petitions were set for a hearing on June 29, 2021, and the custody order was entered on July 19, 2021. Pursuant to that order, Amy C. was given sole physical and legal custody of both children, Ian C. was ordered to have no contact with Amy C. or the children until further order of the court, and to submit to a parental fitness evaluation by a licensed psychological group prior to pursuing a modification of the parenting plan in the future.

In May 2022, Ian C. submitted to a parental evaluation by Hudson Forensic Psychology. The evaluation concluded that Ian C. had severe and untreated psychiatric symptoms and that visits with his children should not take place. The parental evaluation also provided a list of requirements for Ian C. to complete in order to seek parenting time, which included the following: (1) a psychiatric consultation, (2) weekly psychotherapy, (3) outpatient substance abuse treatment, (4) random drug and alcohol screening for six months, (5) obtain habitable housing and maintain it for at least six months, (6) maintain interpersonal relationships for at least six months, (7) maintain gainful employment, (8) comply with intervention therapy, and (9) provide his medical professionals with a copy of his parental fitness evaluation.

On October 28, 2022, Ian C. filed a petition to modify the parenting plan, stating that he had done everything the court asked him to do and that he had also started attending counseling. On November 15, 2022, Amy C. filed a motion to dismiss Ian C.'s petition for modification and a response. The court scheduled a status hearing for December 5, 2022, to inquire about Ian C.'s progress. At the hearing, Ian C. stated he had not and would not comply with the requirement for a psychiatric consultation.

The final order was entered on December 8, 2022, and the family court found that Ian C. had attended only six psychotherapy sessions between October 14, 2022, and November 25, 2022. The court determined that his mere attendance was not sufficient, and that Ian C. appeared to be in denial regarding his mental health issues. Accordingly, because Ian C. failed to follow the court's directives, and because the parental fitness evaluation recommended no visits, his petition to modify the parenting plan was denied. It is from that order that Ian C. now appeals.

Our standard of review in this matter is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

2

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Ian C. raises various points of contention about events which took place years ago and are not relevant to this matter. Ian C. raises no appealable issues from the family court's December 8, 2022, order, and his brief consists merely of his disagreement with the proceedings below, coupled with unsubstantiated allegations against Amy C. Further, Ian C. fails to cite any statutory authority or precedent to support his arguments as required by Rule 10 of the Rules of Appellate Procedure. Further, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires, in relevant part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Here, Ian C. cites to no portion of the record in support of his claims. As such, we find no basis in law to warrant relief.

Accordingly, we affirm the family court's December 8, 2022, order.

Affirmed.

**ISSUED:** May 22, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen